WILCOX AND GIBBS SEWING MACHINE COMPANY, RESPONDENT, v. MARY L. ELLIOTT, APPELLANT.

*Married women — ratification of acts of agent.*

Where a married woman carries on business through the agency of her husband, to whom she has given a power of attorney, she may ratify and adopt any act of his in the business, even though such act was not within the letter of the power of attorney.

APPEAL from a judgment in favor of the plaintiff, entered on the verdict of a jury.

*William C. Cox*, for the appellant.

*Stephen A. Walker*, for the respondent.

INGALLS, J.:

The firm of Elliott and Allardice were engaged in business at Auburn, New York, as booksellers and stationers, and failed. Subsequently the defendant, Mary L. Elliott, commenced the same kind of business, at the same place, and by a power of attorney appointed her husband, William C. Elliott, her agent to take charge of the business. Such power of attorney provides, among other things, as follows: " do make, constitute and appoint William L. Elliott, of Auburn, aforesaid, my true and lawful attorney for me and in my name, place and stead, to carry on the business of retail dealer in books, stationery, and fancy articles, to use and sign my name to all notes, receipts and other papers which the said business may require." The plaintiff, through its agent, sold several sewing machines to William L. Elliott, who assumed to act for his wife, and in her name executed a promissory note to the plaintiff therefor, which is the note in suit, and is as follows:

" AUBURN, N. Y., *June 23*, 1875.

$227.30. Six months after date I promise to pay to the order of Wilcox & Gibbs, Sewing Machine Company, two hundred and twenty-seven and 30-100 dollars at Auburn City National Bank. Value received. MARY L. ELLIOTT."

This action is brought upon the said note, and also a trifling account for wares sold and delivered. The answer admits that the plaintiff is a corporation, but denies each and every other material allegation of the complaint. The power of attorney is not sufficiently broad to authorize the husband acting as the agent of the defendant, to execute the note in question, as the sewing machines were neither books, stationery or fancy articles. The plaintiff could only recover upon the ground that the defendant adopted and affirmed the purchase, which was the ground upon which the judge at circuit allowed the plaintiff to recover. The husband testified that the defendant knew that the sewing machines were placed in the store, and knew of the note after its execution.

J. H. Cook, a witness for the plaintiff testified: " I called at Mr. Elliott's store, and had some conversation with him; I learned our agent had been there and sold him some of our machines; talked with him about the business generally, and after a time went out; when I came back Mrs. Elliott was in the store; she had driven up with a lady in a carriage; the carriage was in front of the store; she talked to me about the business, and she never thought her husband would go into the sewing machine business, but she thought he might make a little; *that her business was very dull, and that they had taken two of those sewing machines; I asked her if she owned the business, and she said she did.*" This witness testified that he was connected with the company. The defendant was a witness at the trial, but did not deny the conversation testified to by Cook. The defendant having embarked in trade, transacting the business through the agency of her husband, was competent to ratify and adopt any act of his in the business even though the transaction was not within the strict letter of the power of attorney. When she availed herself of the privilege of conducting business she assumed the responsibilities of an unmarried person, so far as such business was concerned, and should be so regarded in determining whether she became liable upon the note in question. It is not the duty of the courts by judicial construction to destroy the practical effect of the statute which allows married women to embark in trade. With the propriety or wisdom of making such a law they have nothing to do, and in giving effect to the statute should be careful to see that the rights of par-

tics who contract with married women who are in business are protected. This is obviously one of a class of cases, where the husband fails in business, and undertakes to revive in the name of the wife; there is no proof that she provided any capital, or that she gave the business her personal attention. She executed this power of attorney, and left the business to the management of her husband, and his acts under such circumstances should not be construed to the prejudice of parties who have negotiated with the husband, especially so when there is evidence of her acquiesence in and adoption of his act. Under all the circumstances we conclude that the court was justified in submitting the case to the jury upon the question of ratification, and their determination is not unsupported by evidence.

The judgment should be affirmed with costs.

Davis, P. J., concurred. Brady, J., the contract having been ratified, I concur.

Judgment affirmed with costs.